UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL LUSTIG,                          )      No.  CV 20-3708-SB (AGR)
                                         )
              Petitioner,                )
                                         )      ORDER ACCEPTING FINDINGS AND
      v.                                 )      RECOMMENDATION OF UNITED
                                         )      STATES MAGISTRATE JUDGE
WARDEN, FCI LOMPOC,                      )
                                         )
              Respondent.                )
                                         )

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo,

including the magistrate judge's Report and Recommendation.  No objections to the

Report have been filed.  The Court accepts the findings and recommendation of the

Magistrate Judge. In doing so, the Court notes - as stated in the Report and

Recommendation - that the petitioner does not seem to argue in his opposition to the

motion to dismiss that jurisdiction lies under 28 U.S.C. § 2241 to address his first

ground for relief under the Fifth and Eighth Amendments. *See* Opp. 4 ("As stated

above, this Court has jurisdiction over the application of 34 U.S.C. § 60541(g), which

is the issue properly before the Court.").  And the petition itself focuses on specific

conditions of confinement that allegedly raised the risk of transmission of the

coronavirus without claiming that the conditions were not subject to correction

1 (thereby resulting in release as the only remedy).  (Petition 13-16.)[1]

2

3

4        IT IS ORDERED that Respondent's motion to dismiss the Petition for Writ of

5 Habeas Corpus is granted and this action is dismissed for lack of jurisdiction.

6

7

8 DATED:   ___March 26, 2021___        _____

9                                        STANLEY BLUMENFELD, JR.
                                         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24 _____

25    [1] Even the Sixth Circuit, when recognizing a potential condition-related claim
   under section 2241, seemed to distinguish between (a) claims asserting that the
26 only remedy for the constitutional violation is release and (b) claims allowing for
   correction of the unconstitutional conditions. *Wilson v. Williams*, 961 F.3d 829,
27 838 (6th Cir. 2020) ("Petitioners here, however, contend that the constitutional
   violations occurring at [the prison] as a result of the pandemic can be remedied
28 only by release.").